UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JUSTIN BOUCHER, | ) |
|         Petitioner | ) |
| v. | ) 1:25-cv-00009-LEW |
| STATE OF MAINE, | ) |
|         Respondent | ) |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

Petitioner seeks relief pursuant to 28 U.S.C. § 2254. (Petition, ECF No. 1.) In response to Petitioner's request, the State asks the Court to dismiss the petition without prejudice based on Petitioner's failure to exhaust his state court remedies. (Response, ECF No. 5.) Following a review of the parties' filings and the record, I recommend the Court grant the State's request and dismiss the petition without prejudice.

**FACTUAL BACKGROUND**

In February 2024, in two separate cases in state court, Petitioner pled guilty to aggravated assault, criminal threatening with a dangerous weapon, and violating the conditions of supervised release. The Superior Court sentenced Petitioner to eight years in prison with all but four years suspended, to be followed by three years of probation. Petitioner did not file a direct appeal.

In July 2024, Petitioner filed a state postconviction petition. In November 2024, Petitioner signed the current § 2254 petition and mailed it to a state court. The petition was

later forwarded to this Court. According to the State, the Superior Court has not yet ruled on the state postconviction petition.

## DISCUSSION

Title 28 U.S.C. § 2254(b) and (c) provide:

> **(b)(1)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> **(A)** the applicant has exhausted the remedies available in the courts of the State; or
>>
>> **(B) (i)** there is an absence of available State corrective process; or
>>
>>> **(ii)** circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> **(2)** An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> **(3)** A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> **(c)** An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

As the statute reflects, "a state prisoner must exhaust available state remedies before presenting his claim to a federal habeas court," and the purpose of the requirement is "to avoid the unseemly result of a federal court upsetting a state court conviction without first according the state courts an opportunity to correct a constitutional violation." *Davila v. Davis*, 582 U.S. 521, 527 (2017) (quotation marks and modifications omitted) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

2

Here, the record reflects that Petitioner has not exhausted the available state court remedies for any of the federal claims he asserts in this action. At the time the State filed its response, the state postconviction petition was still pending, and Petitioner did not file a reply or otherwise dispute the State's representation about the status of the state court proceedings. Because the state postconviction petition is still pending in the Superior Court, Petitioner has not yet fairly presented his federal claims to the Law Court by seeking a certificate of probable cause to appeal from the Superior Court's postconviction decision, as he must do before a federal court can consider his habeas petition. *See Baldwin v. Reese,* 541 U.S. 27, 29 (2004).[1]

Because Petitioner has not exhausted the available state court remedies for any of the asserted claims, dismissal without prejudice is warranted. *See Adelson v. Dipaola*, 131 F.3d 259 (1st Cir. 1997). If Petitioner wishes to preserve his ability to pursue federal habeas relief after completing the state process, Petitioner is advised to be mindful of the one-year statute of limitations for federal habeas applications. *See* 28 U.S.C. § 2244(d).

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases. Unless during the period for the filing of objections to this Recommended Decision, Petitioner demonstrates that he has exhausted the state court remedies, I recommend the Court dismiss without prejudice Petitioner's petition for habeas relief under 28 U.S.C. § 2254, and that the Court deny a certificate of

---

[1] The petition does not contain any allegations or information to show there is an absence of available State corrective process or that the state process is ineffective to protect the rights of the applicant.

appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 15th day of May, 2025.